UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

Eastern District of Kentucky
FILED

AUG 3 1 2005

LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-CV-119-DLB

DAVID M. FISCHER                                                PLAINTIFF

VS:                **MEMORANDUM OPINION AND ORDER**

KENTON COUNTY JUDICIAL SYSTEM                          DEFENDANT

Plaintiff, David M. Fischer, an individual who lists his address as 1126 Banklick, Covington, Kentucky, 41011, has filed a *pro se* civil rights complaint alleging violations of 42 U.S.C. §1983. He has filed an application to proceed *in forma pauperis* [Record No. 3].

The Court screens this non-prisoner, fee-paid complaint under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple v. Glenn* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536,37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Under these circumstances, amendment would not be permitted, after dismissal, to cure such defects.

### DEFENDANTS

The named defendant is the Kenton County Judicial System.

### CLAIMS

The allegations in the complaint are not clear. First, the plaintiff states that the "Kenton County Courts" have either determined or adjudicated that he suffers from some form of mental

retardation.[1] The plaintiff alleges that because he has been forced to go to mental hospitals, unidentified persons have also told him to "shut up" and that his "charges" will not be dropped unless he agrees to take several "mental deterrent" drugs.[2] The plaintiff alleges that these drugs will impair his state of well-being. He further alleges that he received $50,000.00 as a result of a car accident, which funds he states have been placed in a trust fund being administered by "Kenton County."

The plaintiff attached two documents to his §1983 complaint. The first is a copy of a "Complaint Form" which he filed with the Kentucky Bar Association on March 2, 1998, against an attorney named William Kathman. In the KBA complaint, the plaintiff alleged that Kathman threatened him (plaintiff) to either give his $50,000.00 "to someone" or to sign it over to the "Welcome House" in Covington, Kentucky.

The second attachment is a copy of deed dated May 13, 1994, in which Ruby Stewart conveyed real property located at 1126 Banklick Street, Covington, Kentucky, to the "Welcome House of Northern Kentucky, Inc., Trustee for the David Fischer Trust." The consideration for the transfer was $19, 500.00. The plaintiff resides at the Welcome House [*see* Record No. 3, letter].

The plaintiff alleges that unspecified individuals are applying some form of pressure or duress on him in relation to unspecified criminal charges filed against him. To that extent, the Court construes the plaintiff's claim to be that either prosecutors and/or the judges who serve in either the Kenton District or Circuit Courts are denying him due process of law in violation of the Fourteenth

---

[1]He alleges that the judges in Kenton County have told him that he is a "retarded person."

[2]

The plaintiff does not identify what charges have been filed against him, or where they have been filed. The Court assumes, but cannot say for certain, that the charges filed against the plaintiff are in either the Kenton District or Circuit Court.

2

Amendment of the United States Constitution.

## DISCUSSION
### 1. *Younger* Abstention Doctrine

As noted previously, the plaintiff has provided extremely limited information to the Court about the specifics of his claim(s). The plaintiff alleges that unidentified persons are forcing him to take certain medications in exchange for dropping "charges" against him. The Court must assume that the "charges" to which the plaintiff refers are pending criminal charges in either Kenton District or Circuit Court. Assuming the plaintiff is facing criminal charges in either of these courts, the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, (1971), would bar the instant plaintiff's claims.

When state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17, 107 S.Ct. 1519 (1987); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir.2001). Three requirements must be met for *Younger* abstention to apply: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995); *Doscher v. Menifee Circuit Court*, 75 Fed.Appx. 996, 997, 2003 WL 22220534, **1 (6th Cir.(Ky.)).

As to the first element, it appears from the scarce information the plaintiff has provided that criminal proceedings may be ongoing in the Kentucky state court system. As noted, the complaint is relatively devoid of information as to the status of the "charges," so the Court can only conclude

3

that the "charges" are ongoing. As for the second element, criminal matters are matters implicating important state interests. As to the third and final element, there is no reason for the Court to conclude that either the Kenton District or Circuit courts are unable or unwilling to address Plaintiff's claims.

"Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff." *Kelm v Hyatt*, 44 F.3d 415, 420 (citing *Pennzoil*, 481 U.S. at 1, 107 S.Ct. at 1521). "In *Pennzoil*, the Supreme Court noted because all state court judges are bound by the United States Constitution, federal courts cannot assume that state judges will interpret ambiguities in state procedural law to bar presentation of federal claims . . . . Accordingly, when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Kelm*, 44 F.3d at 420. The Court concludes that under the *Younger* doctrine, it is required to abstain from intervening in or meddling with the plaintiff's criminal litigation in the Kenton County courts.

## 2. Dismissal Under *Rooker- Feldman* Doctrine

The plaintiff alleges that he is mentally retarded and that he has been forced to undergo hospitalization in mental institutions. He further alleges that "Kenton County" is holding $50,000.00 in a trust.[3] He states that he received this money as a result of a car accident. The plaintiff has not referred to the existence of any type of guardianship proceeding in the Kenton County court system. It is possible, however, that based on the plaintiff's stated disability such proceedings have been

_____

3

Again, although the plaintiff does not set forth completely comprehensible facts in support of his claims, the Court assumes that the $50,000.00 is being held in an account over which either the Kenton District or Circuit Courts has control.

4

initiated and/or are pending. To the extent that the plaintiff may be challenging a ruling or rulings rendered by a court having jurisdiction over the control of his medical treatment and/or his financial affairs, presumably the Kenton District Court, the *Rooker-Feldman* doctrine would preclude the plaintiff from asserting a claim relating to such decisions or rulings.

This doctrine, "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Only the United States Supreme Court has jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 482.

"Federal courts must give 'full faith and credit' to the judicial proceedings of state courts." *Gottfried v. Medical Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041 (1998), citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85 (1984). Under these circumstances, these claims are dismissible because the Court would lack subject matter jurisdiction over the plaintiff's claims against the "Kenton County Judicial System." *See* Fed.R.Civ.P. 12 (b)(1).

### 3. Claims Against Judges and/or Prosecutors
#### a. Claims Against Prosecutors

To the extent the plaintiff alleges that unidentified persons have informed him that the "charges" against him will not be dropped unless he submits to taking "mental deterrent" drugs, the Court construes a claim against either the Kenton County Attorney or the Kenton County Commonwealth Attorney. The construed claims against the prosecutors must be dismissed.

5

A prosecutor enjoys absolute immunity from suit under §1983 when the complained-of activity is "intimately associated with the judicial phase of the criminal process" or is performed in a "quasi-judicial" role. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Absolute immunity attaches to a prosecutor's actions which clearly involve his or her "role as advocate for the State," *see* 424 U.S. at 431, n.33. The plaintiff asserts no claims indicating that the prosecutors in Kenton County acted outside of their role as "advocate for the State." *Id.* The construed claims against the prosecutors must be dismissed.

### b. Claims Against Judges

Additionally, judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. §1983 if the complained-of act was not taken in the clear absence of all jurisdiction, and if the complained-of act was a judicial act (*i.e.*, the function was normally one performed by a judge and the parties dealt with the judge in his or her judicial capacity). *See Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356-362 (1978). Absolute judicial immunity exists for "those acts which are truly judicial acts. . . ." *Morrison v. Lipscomb*, 877 F.2d 463, 467-68 (6th Cir. 1989) (citing *Forrester v. White,* 484 U.S. 219 (1988)), and is not diminished even if the judge's exercise of authority is flawed or is in error. *Id.*, 435 U.S. at 359.

"[A]bsolute immunity is not available if the alleged wrongful conduct was committed pursuant to a non-judicial act, *i.e.*, one not taken in the judge's judicial capacity, such as terminating an employee." *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994) (citing *Forrester v. White*, 484 U.S. at 229-30). In *Stump*, the Supreme Court established a two-prong test to determine whether an act is "judicial." *Id.* at 362, 98 S.Ct. 1099.

6

First, the Court must consider whether the act in question is a function that is "normally performed by a judge." *Id.* The Sixth Circuit has previously referred to this inquiry as the functional approach. Under this inquiry, a court is required to examine the nature and function of the act, not the act itself. The Supreme Court reformulated this inquiry in *Mireles v. Waco*, 502 U.S. 9 , 11-12 (1991) (per curiam), holding that even if a particular act is not a function normally performed by a judge, the court must look to the particular act's relation to a general function normally performed by a judge. *Id.* at 13, 112 S.Ct. 286.

Second, in determining whether an act is "judicial," the court must assess whether the parties dealt with the judge in his or her judicial capacity. *Id.* at 12, 112 S.Ct. 286. In examining the functions normally performed by a judge, this Court has recognized that "paradigmatic judicial acts," or acts that involve resolving disputes between parties who have invoked the jurisdiction of a court, are the touchstone for application of judicial immunity. *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir.1997) . Conversely, whenever an action taken by a judge is not an adjudication between the parties, it is less likely that it will be deemed judicial. *Cameron v. Seitz*, 38 F.3d at 271.

In the instant proceeding, the plaintiff does not allege that the judge(s) who serve within the "Kenton County Judicial System" engaged in the complained-of actions in a non-judicial capacity. The plaintiff complains about the actions of Kenton County judges, in either a criminal or a civil proceeding. Based on the limited information provided , there is nothing to indicate that the judges who serve in the Kenton County court system were *not* performing "truly judicial acts."

A judge's rulings on motions, even if they are detrimental to a litigant's case, constitute judicial action and are thus protected by judicial immunity. *Stump*, 485 U.S. at 363 (disagreement with action taken by judge does not deprive him of judicial immunity). *See also Clark v. Taylor*, 627

7

F.2d 284 (D.C. Cir. 1980). "Disagreement with the action taken by the judge . . . does not justify depriving that judge of his immunity." *Stump*, 485 U.S. at 363.

Additionally , the commission of grave procedural errors, including those involving due process, do not constitute judicial action taken in the clear absence of all jurisdiction. *Stump*, 435 U.S. at 359. *See also Sevier v. Turner*, 742 F.2d 262 (6th Cir. 1984), in which the Sixth Circuit held that a judge's failure to inform the plaintiff of his constitutional rights, though a grave procedural error, did not subject him to damages. *See also Mireles v. Waco*, 502 U.S. at 11-12 (immunity is available even if a judge acts erroneously, corruptly, or in excess of his jurisdiction).

Judicial action, even if done maliciously, or even if it was in excess of his or her authority, will not subject a judge to liability. *See Pierson v. Ray*, 386 U.S. at 554 (citing *Bradley v. Fisher*, 80 U.S.(13 Wall.) 335, 20 L. Ed. 646 (1872)); *Stump* at 485 U.S. 356-357; *Mireles v. Waco*, 502 U.S. at 11-12 ("Although unfairness and injustice to a litigant may result on occasion," a judge must be able to exercise his judicial authority "without apprehension of personal consequences to himself.") (quoting *Bradley v. Fisher*, 80 U.S. at 347); *Mitchell v. McBride*, 944 F.2d 229, 230 (5th Cir. 1991) (fact that judge was alleged to have acted in a conspiracy and committed grave procedural errors was insufficient to avoid judicial immunity).

### 4. No County Liability

To the extent that the plaintiff has asserted claims against the "Kenton County Judicial System," he actually asserts claims against Kenton County and/or the governing body of Kenton County, the Kenton County Fiscal Court. Although the plaintiff has alleged actions at the hands of unspecified judges in the Kenton County court system, he has not alleged any facts involving wrongdoing on the part of the Kenton County Fiscal Court or other governing county authority.

8

As local governments, a county authority or county fiscal court can only be held liable when the constitutional deprivation arises from a governmental custom. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 236 (1978) ( "...[t]he language of §1983...compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot he held liable under §1983 on a *respondeat superior* theory.").

A plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy must "identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.), *cert. denied*, 510 U.S. 1177, 114 S.Ct. 1219 (1994). *See also Wooten v. Logan*, 2004 WL 68541, **2 (6th Cir. Tenn., January 14, 2004), which reiterates that a local government cannot be made liable under principles of *respondeat superior*; for a municipality to be liable, the action must be the result of an official policy of the municipality. [4]

Kentucky county fiscal courts and/or the members thereof must be shown to have "condoned, encouraged or participated in . . . alleged misconduct, in order for them to be held liable in . . . §1983

---

[4]

In *Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004), the plaintiff's decedent, Graham, died in custody after he ingested a large amount of cocaine while being arrested for an unrelated marijuana charge. His estate sued and alleged that the county jail had provided inadequate medical care to the decedent. The Sixth Circuit held that even if a constitutional violation had occurred with respect to the quality of medical care the decedent received during the arrest, Washtenaw County could not be held liable for it. The Sixth Circuit carefully examined the county's policy regarding medical care to prisoners. Citing *Monell*, the Sixth Circuit determined that there was no evidence that the county's policy regarding the provision of medical care to prisoners was the "moving force" behind any constitutional violation committed against the decedent. *Id.* at 385.

9

action[s]. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989)." *Gibson v. Stratton*, 930 F.2d 918, 181 WL 52897 (6th Cir. 1991) (unpublished opinion). *See also Nunn v. Henderson Fiscal Court*, 69 F.3d 537, 1995 WL 631597 (6th Cir. 1995) (unpublished opinion) (affirming grant of summary judgment, the court finding that the plaintiff "failed to establish a 'custom or policy' so that the defendants could be held liable in their official capacities." *Id.*). *See also Hicks v. Frey*, 992 F.2d 1450 (6th Cir. 1993); *Johnson v. Hardin County*, 908 F.2d 1280, 1285 (6th Cir. 1985) (local governing body can be held liable only where the allegedly unconstitutional act is a result of an unconstitutional policy officially adopted by the governing body's officers).

In sum, the plaintiff has not alleged that the Kenton County Fiscal Court implemented or practiced a policy which violates any provision of the United States Constitution. The plaintiff's construed constitutional claims against Kenton County and/or the Kenton County Fiscal Court fail to state a claim upon which relief can be granted and must be dismissed with prejudice. *See Apple v. Glenn*, 183 F.3d at 479; Fed.R.Civ.P. 12(b)(6).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED WITH PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This $\underline{3/5t}$ day of August, 2005.



Signed By:
David L. Bunning
United States District Judge